**ALEXANDER E. RAMOS #15234**
**LANGFORD | RAMOS, PLLC.**
43 East 400 South
Salt Lake City, Utah 84111
T. 801.328.4090
F. 801.364.3232
alex@langfordramos.com

*Attorney for Defendant*

___

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ALAN WILLIAMS,<br><br>Defendant. | **MOTION FOR EARLY DISCLOSURE OF JENCKS MATERIAL AND DISCLOSURE OF *BRADY* MATERIAL**<br><br>**Case No. 2:18-cr-00076-TS-DBP-1**<br><br>**Honorable Judge Ted Stewart** |

Christopher Alan Williams, ("Defendant"), by and through his counsel Alexander E. Ramos, moves this Court for an order requiring the prosecution to provide the defense with all *Jencks Act* materials and Rule 26.2 statements relevant to the trial in the case in advance of trial and requiring the government to disclose *Brady* material immediately.

### I. DISCLOSURE OF JENCKS ACT MATERIALS

In this case, the government has not produced Jencks Act discovery in the possession of the United States. Admittedly, the government is not required to produce such discovery unless or until required pursuant to 18 U.S.C §3500, and compulsory discovery is not permitted pursuant to Fed. R. Crim. P. 16(2). However, pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rule 2 of the Federal Rules of Criminal Procedure and its inherent supervisory powers, this Court has the authority to override the timing provisions set forth in the act and in

1

Rule 26.2. More, Rule 6 of the Federal Rules of Criminal Procedure allows this Court to authorize disclosure of a grand jury transcript "preliminary to or in connection with a judicial proceeding. Fed. R. Crim. P. 6(e)(3)(E)(i). Such pretrial disclosure is appropriate, as the defense "must be afforded a reasonable opportunity to examine" and utilize Jencks Act materials, and if the government delays disclosure, "the court may be required to grant the defense a continuance." *United States v. Storey*, 956 F.Supp.934, 939 (D.Kan. 1997) (citing *United States v. Holmes*, 722 F.2d 37, 40 (4th Cir. 1983); see also Fed. R. Crim. P. 26.2 (providing recess in trial proceedings to allow review of statements, including *Jencks* material).

In this case, the defense is unaware of any concerns regarding safety or prejudice to the government or its witnesses. To allow defense counsel time to prepare and to avoid unnecessary delay in trial proceedings, all Jencks Act material should be promptly disclosed, as delay in providing such disclosure is anticipated to place and unreasonable onus on the defense and preclude the ability to adequately, fully and properly prepare for trial, creating a substantial risk of unnecessary delay in the trial proceedings as defense counsel reviews materials relevant to the witness's testimony before proceeding with cross-examination.

Accordingly, Defendant respectfully requests that this Court order pretrial disclosure of all Jencks Act materials to defense counsel as soon as practicable, but at least two weeks before trial, because it will not only assist Defendant in achieving a fair trial but also serve the public interest in expediting the fair resolution of this case.

## II. DISCLOSURE OF *BRADY* MATERIALS

"Suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Smith v. New Mexico Dept. of* Corrections, 50 F.3d 801 (10th

Cir. 1995) (quoting *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196 (1963)(internal punctuation omitted)). Accordingly, unlike the request for pretrial disclosure of *Jencks* material, Defendant's motion for an order that the government turn over *Brady* material is a request that the Court enforce Defendant's rights, as "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *United States v. Bonnett*, 877 F.2d 1450, 1459 (10th Cir.1989).

Wherefore and for the reasons stated above, the order requiring the prosecution to provide the defense with all *Jencks Act* materials and Rule 26.2 statements relevant to the trial in the case at least two week in advance of trial and to disclose all government agency *Brady* material immediately.

DATED this   26th   of July 2023.

/s/ Alexander E. Ramos
Alexander E. Ramos
Attorney for the defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the July 26, 2023, I filed a true and correct copy of the foregoing, via CM/ECF system, which gave notification of such filing to the following:

United States Attorney's Office for the District of Utah

/s/ Julia Frys